ZOURI DRAWN METALS CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 4908.    Promulgated October 17, 1927.

Depreciation and obsolescence of certain assets determined.
Evidence not sufficient to establish value of good will and patents.

*Lawrence H. Cake, Esq.*, for the petitioner.
*L. L. Hight, Esq.*, for the respondent.

The respondent asserts a deficiency in income and profits tax for the year 1920 in the amount of $4,824.38. Two issues are involved: (1) The deduction from gross income of an amount alleged to represent obsolescence of assets discarded in the taxable year, and (2) the value for invested capital purposes of certain patents acquired at date of incorporation in exchange for stock.

#### FINDINGS OF FACT.

The petitioner is an Illinois corporation with its principal office at Chicago, where it is engaged in the manufacture and sale of metal products, and in construction and building operations. It was incorporated in January, 1913, with a capital of $100,000, divided into 1,000 shares of the par value of $100, each, as the successor of two corporations theretofore engaged in similar activities.

At the date of its incorporation the petitioner purchased the assets of the Drawn Metals Co., a corporation, consisting of machinery, patterns, tools, equipment, office furniture, fixtures, supplies, and good will, and issued in payment therefor, 248 shares of its capital stock, of which 20 shares were issued for good will and the remaining 228 shares for tangible property. At the same time it purchased from the Zouri Manufacturing Co. certain equipment, patterns,

office furniture and fixtures, machinery and tools, and 13 patents covering processes in the production of drawn metal work and issued, in payment therefor, 324 shares of its capital stock, of which 250 were issued for patents, 54 for tangible assets, and 20 for good will. At the same date it sold 428 shares to one of the incorporators at par for cash.

From the date of its incorporation until December 31, 1920, the petitioner acquired certain dies for use in its operations at a total cost of $21,630.14. Such dies were worthless for its purposes at December 31, 1920, and, at that date, had salvage value as junk in the amount of $746.53. These dies had an average, useful life of 10 years. The original cost, dates of acquisition, depreciation for each year, accumulated depreciation, and depreciated cost at December 31, 1920, are set forth below:

| Year | Cost | Depreciation | | Depreciaated value Jan. 1, 1920 |
| --- | --- | --- | --- | --- |
| | | Per cent | Amount | |
| Roller dies: | | | | |
| 1910 | $538.58 | 100 | $538.58 | |
| 1911 | 1,408.95 | 90 | 1,268.05 | $140.90 |
| 1912 | 849.84 | 80 | 679.87 | 169.97 |
| 1914 | 787.45 | 60 | 472.47 | 314.98 |
| 1915 | 2,664.02 | 50 | 1,332.01 | 1,332.01 |
| 1916 | 3,936.86 | 40 | 1,574.74 | 2,362.12 |
| 1917 | 729.85 | 30 | 218.96 | 510.89 |
| 1918 | 224.55 | 20 | 44.91 | 179.64 |
| Punch press dies: | | | | |
| 1916 | 4,267.27 | 40 | 1,706.91 | 2,560.36 |
| 1917 | 4,090.77 | 30 | 1,227.23 | 2,863.54 |
| 1919 | 2,132.00 | 10 | 213.20 | 1,918.80 |
| | 21,630.14 | | 9,276.93 | 12,353.21 |

In its income and profits-tax return for 1920, the petitioner included $27,000 in its invested capital, representing the value of good will and patents acquired for stock at date of incorporation, and deducted the amount of $27,849.74 from its gross income as a reasonable allowance for exhaustion, wear and tear, including a reasonable amount for obsolescence of assets used in its trade or business. Upon audit of such return, the Commissioner excluded $27,000 from his computation of invested capital, and disallowed $15,855.87 of the amount claimed as a deduction for obsolescence, added such amount to gross income and determined the deficiency here in controversy.

OPINION.

LANSDON: We are convinced that at December 31, 1920, certain dies, acquired by the petitioner at a cost of $21,630.74, were discarded and that at that date such assets were worthless and had only a salvage value, which we have found was $746.53. It appears from

the evidence that the petitioner carried these dies on its books at cost and that it had never taken depreciation thereon. From the evidence we conclude that the average useful life of the discarded assets was ten years and by computation we have determined that depreciation thereon at December 31, 1920, had accrued in the amount of $9,276.93. It follows, then, that the unextinguished useful value of such property at the close of the taxable year was $12,353.21. Changes in the art in which they were employed had rendered these dies obsolete. Under the provisions of section 234(a) (7) of the Revenue Act of 1918, the petitioner is entitled to deduct their depreciated unextinguished cost, less salvage, from the gross income for the taxable year.

In support of its estimate of the alleged value of certain patents and good will acquired for stock at date of incorporation, the petitioner introduced the evidence of two patent attorneys. Each testified that in his opinion the patents in question had a cash value of at least $25,000 at the date of acquisition. It is apparent from the testimony that these witnesses were more expert in the determination of the validity of patents than of the cash value of such property. This evidence has very little evidentiary weight. The only additional proof offered was that at the date of organization one of the incorporators bought 428 shares of the capital stock of the petitioner at par for cash. As no shares were offered or sold to the public, we can not regard this transaction as evidence of the value of the intangibles that were included among the assets of the corporation. As the statute provides that assets purchased for stock at the incorporation of a company can be taken into invested capital only at their actual cash value, it is the petitioner's burden to prove such value. We are not convinced that this has been done.

*Judgment will be entered on 10 days' notice, under Rule 50.*

Considered by GREEN and ARUNDELL.